# ARSENEAULT, WHIPPLE, FASSETT & AZZARELLO, LLP

| | | |
|---|---|---|
| JACK ARSENEAULT | ATTORNEYS AT LAW | THOMAS M. LENNEY++ |
| JOHN C. WHIPPLE* | | ADALGIZA A. NUÑEZ+ |
| DAVID W. FASSETT | 560 MAIN STREET | JOHN J. ROBERTS+ |
| JOHN A. AZZARELLO+♦ | CHATHAM, NEW JERSEY 07928 | |
| | (973) 635-3366 | |
| | FAX (973) 635-0855 | |
| | EMAIL info@awfa-law.com | |
| +ALSO ADMITTED IN NEW YORK | | *CERTIFIED BY THE SUPREME COURT OF |
| ++ALSO ADMITTED IN MICHIGAN | | NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY |
| ♦ALSO ADMITTED IN WASHINGTON, DC | | |

**FILED VIA ECF ONLY**

April 25, 2013

Honorable Viktor V. Pohorelsky, U.S.M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Goodwine v. Nat'l R.R. Passenger Corp.–Amtrak, et al.**
      **Civil No. 12-3882**

Dear Judge Pohorelsky,

Please accept this letter and the attached certifications in response to the Court's Order regarding Defendants' disclosures concerning video recordings. (Doc. 45).

As the Court may be aware, Amtrak Police Sgt. Louis Rinaldi is deceased. Nevertheless, the relevant discovery, including the Amtrak complaint written in Plaintiff's own hand and the documentation of Rinaldi's investigation (Doc. 41 @ 13 et seq.), clearly show that Plaintiff **did not** request video surveillance recordings at that time. In fact, the discovery indicates that Plaintiff did not request video recordings until he filed the current litigation, some **two and a half years after** his arrest.

Respectfully submitted herewith are certifications from a senior Amtrak claims representative familiar with the relevant discovery in this matter, as well as of the individual Defendant officers, certifying that Plaintiff **did not** request video recordings of Plaintiff's arrest and that **no one** viewed or has attempted to view any such recordings.

                                                     Respectfully submitted,
                                                     ARSENEAULT, WHIPPLE,
                                                     FASSETT & AZZARELLO, LLP
                                                     By:   /s/ John J. Roberts
                                                             John J. Roberts, Esq.

Encl. (Certifications)
Cc:   Earl Goodwine, pro se Plaintiff (via email and U.S. Mail)

ARSENEAULT, WHIPPLE,
FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
973-635-3366
*Attorneys for Defendants*
John J. Roberts, Esq. (JR3861)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL GOODWINE, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION–AMTRAK; JOHN WILLIAMS; MARK HOYER; and AUGUSTUS RIVERA, <br><br> Defendants. | Hon. Viktor V. Pohorelsky, U.S.M.J. <br><br> Docket No.: 12-cv-3882 <br><br> **CERTIFICATION** |

Thomas Pazsik, being of full age and duly sworn, hereby states and certifies as follows:

1. I, Thomas Pazsik, am employed by Defendant National Railroad Passenger Corporation–Amtrak as Manager of Claims Services. I submit this Certification to the Court in response to the Court's Order re Defendants' Disclosures Concerning Video Recordings. (Doc. #45).

2. Amtrak Police Sgt. Louis Rinaldi is deceased. Sgt. Rinaldi died on May 6, 2010. A true and accurate copy of an Amtrak Police Department Special Order regarding Sgt. Rinaldi's death is attached hereto as Exhibit A.

1

3. I have read the discovery in this matter, particularly the Amtrak complaint submitted to Amtrak by Plaintiff Earl Goodwine concerning his January 11, 2010, arrest as well as the documentation of the internal investigation of that complaint, including correspondence written by Sgt. Louis Rinaldi. As such I am familiar with the facts and circumstances of this issue.

4. Plaintiff Earl Goodwine did **not** request to obtain video recordings of the January 11, 2010, arrest that is the subject of this action—either in his Amtrak complaint, or by any means within 60 days of his arrest, or by any other means that I am aware of prior to initiating this litigation in New York State Supreme Court in July 2012, more than two and a half years after his arrest.

5. Based upon my thorough review of the discovery in this matter, Sgt. Rinaldi did **not** review or attempt to review any video recordings of the arrest at any time.

6. To the best of my knowledge, **none** of the officers involved in Plaintiff's January 11, 2010, arrest have reviewed or attempted to review any video recordings of the arrest at any time.

## CERTIFICATION

I hereby certify that the foregoing statements of fact made by me are true to the best of my knowledge, information, and belief, after a reasonable inquiry into the circumstances. I understand that if any of the foregoing statements of fact made by me are willfully false, I am subject to punishment.

_____
Thomas Pazsik

Dated: April 25, 2013

# EXHIBIT A

# SPECIAL ORDER

# SPECIAL ORDER

| | |
|---|---|
| SO#: | 10-08 |
| EFFECTIVE: | May 7, 2010 |
| EXPIRES: | |

| | |
|---|---|
| X New Subject: | Mourning Band Period |
| Amends: | |
| Rescinds: | |

**SUBJECT:** Mourning Band Period Sergeant Louis Rinaldi

We regret to inform you of the passing of <u>Sergeant Louis J. Rinaldi</u> at his residence in Edison, NJ, on Thursday – May 6, 2010.

Mourning bands are authorized for all sworn department personnel for the next 30 days in honor of Sergeant Rinaldi of the New York Field Office.

Sergeant Rinaldi began his railroad career in October 1969 with the Penn Central Railroad. He later transferred to the Amtrak Police Department in 1976. Sergeant Rinaldi was a dedicated employee and provided exemplary police service throughout his career. He became a fixture in New York Penn Station and will be greatly missed by his co-workers and friends.

Funeral arrangements have been finalized and are scheduled as follows:

<u>Viewing:</u>  Monday – May 10, 2010 and Tuesday – May 11, 2010
2:00 PM – 5:00 PM
7:00 PM – 9:00 PM

<u>Funeral Home:</u>  Horne & Dannecker Funeral Home
425 West 43rd Street – (Between 9th & 10th Avenues)
New York, NY

<u>Services:</u>  Wednesday – May 12, 2010 at 10:00 AM
St. Patrick's Cathedral
51st Street & 5th Avenue
New York, NY

<u>Interment:</u>  Following Services
St. Raymond's Cemetery
2600 Lafayette Avenue – (Entrance is on Balcom Avenue)
Bronx, NY

| APPROVAL: Lisa A. Shahade | TITLE: Assistant Chief of Police | PAGE: 1 OF 1 |
|---|---|---|

ARSENEAULT, WHIPPLE,
FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
973-635-3366
*Attorneys for Defendants*
John J. Roberts, Esq. (JR3861)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL GOODWINE,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION–AMTRAK; JOHN WILLIAMS; MARK HOYER; and AUGUSTUS RIVERA,<br><br>Defendants. | Hon. Viktor V. Pohorelsky, U.S.M.J.<br><br>Docket No.: 12-cv-3882<br><br>**CERTIFICATION** |

John Williams, being of full age and duly sworn, hereby states and certifies as follows:

1. I, John Williams, am employed by Defendant National Railroad Passenger Corporation–Amtrak as a police officer of the Amtrak Police Department. I have been named as a Defendant in this lawsuit. I submit this Certification to the Court in response to the Court's Order re Defendants' Disclosures Concerning Video Recordings. (Doc. #45).

2. To the best of my knowledge, Plaintiff Earl Goodwine made no request to obtain video recordings of the January 11, 2010, arrest that is the subject of this action

1

prior to Plaintiff filing his Complaint in this matter in July 2012, approximately two and a half years after his arrest.

3. I have not reviewed or attempted to review any video recordings of the arrest at any time.

4. To the best of my knowledge, no officers involved in Plaintiff's January 11, 2010, arrest have reviewed or attempted to review any video recordings of the arrest at any time.

## CERTIFICATION

I hereby certify that the foregoing statements of fact made by me are true to the best of my knowledge, information, and belief, after a reasonable inquiry into the circumstances. I understand that if any of the foregoing statements of fact made by me are willfully false, I am subject to punishment.

_____
John Williams

Dated: April 25, 2013

ARSENEAULT, WHIPPLE,
FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
973-635-3366
*Attorneys for Defendants*
John J. Roberts, Esq. (JR3861)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL GOODWINE,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION–AMTRAK; JOHN WILLIAMS; MARK HOYER; and AUGUSTUS RIVERA,<br><br>Defendants. | Hon. Viktor V. Pohorelsky, U.S.M.J.<br><br>Docket No.: 12-cv-3882<br><br>**CERTIFICATION** |

Mark Hoyer, being of full age and duly sworn, hereby states and certifies as follows:

1. I, Mark Hoyer, am employed by Defendant National Railroad Passenger Corporation–Amtrak as a police officer of the Amtrak Police Department. I have been named as a Defendant in this lawsuit. I submit this Certification to the Court in response to the Court's Order re Defendants' Disclosures Concerning Video Recordings. (Doc. #45).

2. To the best of my knowledge, Plaintiff Earl Goodwine made no request to obtain video recordings of the January 11, 2010, arrest that is the subject of this action

1

prior to Plaintiff filing his Complaint in this matter in July 2012, approximately two and a half years after his arrest.

3. I have not reviewed or attempted to review any video recordings of the arrest at any time.

4. To the best of my knowledge, no officers involved in Plaintiff's January 11, 2010, arrest have reviewed or attempted to review any video recordings of the arrest at any time.

## CERTIFICATION

I hereby certify that the foregoing statements of fact made by me are true to the best of my knowledge, information, and belief, after a reasonable inquiry into the circumstances. I understand that if any of the foregoing statements of fact made by me are willfully false, I am subject to punishment.

_____
Mark Hoyer

Dated: April 25, 2013

2

ARSENEAULT, WHIPPLE,
FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
973-635-3366
*Attorneys for Defendants*
John J. Roberts, Esq. (JR3861)

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL GOODWINE,<br><br>               Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION–AMTRAK; JOHN WILLIAMS; MARK HOYER; and AUGUSTUS RIVERA,<br><br>               Defendants. | Hon. Viktor V. Pohorelsky, U.S.M.J.<br><br>Docket No.: 12-cv-3882<br><br><br>**CERTIFICATION** |

Augustus Rivera, being of full age and duly sworn, hereby states and certifies as follows:

1. I, Augustus Rivera, am employed by Defendant National Railroad Passenger Corporation–Amtrak as a police officer of the Amtrak Police Department. I have been named as a Defendant in this lawsuit. I submit this Certification to the Court in response to the Court's Order re Defendants' Disclosures Concerning Video Recordings. (Doc. #45).

2. To the best of my knowledge, Plaintiff Earl Goodwine made no request to obtain video recordings of the January 11, 2010, arrest that is the subject of this action

1

prior to Plaintiff filing his Complaint in this matter in July 2012, approximately two and a half years after his arrest.

3. I have not reviewed or attempted to review any video recordings of the arrest at any time.

4. To the best of my knowledge, no officers involved in Plaintiff's January 11, 2010, arrest have reviewed or attempted to review any video recordings of the arrest at any time.

## CERTIFICATION

I hereby certify that the foregoing statements of fact made by me are true to the best of my knowledge, information, and belief, after a reasonable inquiry into the circumstances. I understand that if any of the foregoing statements of fact made by me are willfully false, I am subject to punishment.

*[signature]*

Augustus Rivera

Dated: April 22, 2013

2