```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EARL GOODWINE,                                                REPORT AND
                        Plaintiff,                            RECOMMENDATION
        - against -                                           AND ORDER
NATIONAL RAILROAD
PASSENGER CORPORATION, et al.,                                12-CV-3882 (TLM) (JO)
                        Defendants.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Plaintiff Earl Goodwine, appearing *pro se*, has filed a series of submissions, each containing a variety of requests for relief. Some of the requests relate to discovery, others are dispositive, and others still seek relief ancillary to the litigation. With respect to requests for dispositive relief, set forth below is the resolution I respectfully recommend; in all other respects, I order the resolution set forth below.

1. <u>Recommendation as to requests for dispositive relief</u>. To the extent that the plaintiff seeks rulings on requests for dispositive relief, including summary judgment and the entry of the defendants' default, *see* docket entry ("DE") 91 at 1, 6; DE 65 at 1-2, I respectfully recommend that the court deny all such relief. The plaintiff's claims plainly raise material factual questions which cannot be resolved in his favor without a trial, and the defendant's record retention and discovery practices, as reflected on the record developed to date, do not warrant sanctions for spoliation.

2. <u>Order as to requests for discovery relief</u>. To the extent the plaintiff seeks further discovery relief, including further disclosures by the defendant, orders of protection, reconsideration of rulings previously made by Magistrate Judge Pohorelsky, carfare or other support for the plaintiff's litigation efforts, or the administration of polygraph examinations, *see* DE 91 at 1, 5, 7; DE 65 at 6, 7, 9-10, 12-15; DE 67 at 1-4; DE 95 at 1, 14-15, 18-32, all such requests are denied. I have previously solicited from the parties an exhaustive list of all

outstanding discovery matters in dispute, *see* DE 79, and have already resolved all such matters after an extensive and detailed discussion of those issues at a lengthy conference on June 21, 2013. *See* DE 86 (minute entry); DE 89 (transcript). I have also carefully reviewed the plaintiff's subsequent submissions. Based upon that review, I am satisfied that each party has provided, or has already been ordered to provide, all of the discovery to which the opposing party is due. I therefore deny all outstanding discovery requests and preclude all parties from filing any further motions for discovery relief, with the exception that any party may seek to enforce a prior ruling with which the opposing party has not timely complied.[1]

3. <u>Transcript of the proceeding on June 21, 2013</u>. In a letter dated June 24, 2013, DE 101, the defendant reports that the parties have been unable to reach agreement on the allocation of costs pursuant to which the plaintiff will receive a copy of the transcript of the conference on June 21, 2013. *See* DE 101 (letter); DE 89 (transcript). I defer ruling on the matter, as I am not satisfied that the parties have exhausted their ability to reach a consensual resolution. I respectfully request that the parties confer one final time in an attempt to resolve the issue. In making that request, I urge the parties to discuss whether the defendants would have incurred the cost of securing the transcript regardless of whether the plaintiff would also seek a copy, and also to take into consideration the costs and other burdens the parties will incur if, in the absence of a consensual resolution, they require one another to litigate the matter further. If, after further consultation, the parties are unable to resolve the matter on consent, I will ask the defendants, in advance of the next

---

[1] To the extent that the plaintiff seeks reconsideration of prior discovery rulings made before the court granted his motion to recuse Magistrate Judge Pohorelsky, *see* DE 60; DE 72, I note that no such reconsideration is required on that basis and that, in any event, I see no substantive basis for altering any of the prior discovery ruling on the merits.

conference on August 1, 2013, to show cause in writing why they should not be required to provide a copy of the transcript to the plaintiff.

4. <u>Arguments on the merits and on ancillary matters</u>. To the extent that the plaintiff's recent submissions include arguments concerning the merits of the case, or concerning ancillary matters, without any request for relief, *see*, *e.g.*, DE 91 at 2-4, 8; DE 95 at 2-32, 16-17, I conclude that no judicial intervention is necessary.

5. <u>Request for an investigation</u>. In an undated letter received by the Clerk on July 15, 2013, the plaintiff brings certain matters to the court's attention and requests an investigation. *See* DE 96. As this court lacks the authority to conduct such independent investigation on the plaintiff's behalf, the request is denied.

6. <u>Plaintiff's witness list</u>. In another undated submission received by the Clerk on July 15, 2013, the plaintiff lists a number of witnesses whom he intends to call at trial. *See* DE 97. The court will make rulings as necessary at trial concerning the admissibility of any testimony the plaintiff proffers; however, I caution the plaintiff that he is responsible for subpoenaing any witness whom he wishes to call. I further caution the plaintiff that to the extent he seeks to call witnesses as to whom he has not previously provided required disclosures, I will entertain a request to preclude such testimony pursuant to Federal Rule of Civil Procedure 37.

7. <u>Service and objections</u>. I direct the defendants to serve a copy of this document on the plaintiff by certified mail, and to file proof of service no later than July 26, 2013. Any objections to the recommendation concerning the plaintiff's requests for dispositive relief must be filed on the electronic docket no later than August 9, 2013. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's

order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
July 25, 2013

/s/
JAMES ORENSTEIN
U.S. Magistrate Judge

4