UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EARL GOODWINE,                                               MEMORANDUM
                            Plaintiff,                    AND ORDER
    - against -
NATIONAL RAILROAD                                            12-CV-3882 (TLM) (JO)
PASSENGER CORPORATION, et al.,
                           Defendants.
------------------------------------------------------------X
James Orenstein, Magistrate Judge:

       The plaintiff's motions for sanctions and for summary judgment, Docket Entry ("DE") 118, are predicated on an assertion that the defendant failed to discharge its discovery obligations by virtue of its response to one of the plaintiff's interrogatories; they do not seek relief on the basis of an adjudication of the factual or legal claims in the complaint. As a result, the relief the plaintiff seeks in the instant motions is available, if at all, pursuant to Federal Rule of Civil Procedure 37; accordingly, I resolve the motions pursuant to the standing rule referring discovery matters to the assigned magistrate judge. *See* Loc. Civ. R. 72.2.

       I deny the motions because the plaintiff has not demonstrated either that the defendant committed fraud in its discovery response concerning the timing of its request for a protective order. The plaintiff's charge of fraud appears to be based on the fact that the defendant served an interrogatory response in which it "[d]enied that [its] counsel ... sought a Protective Order ... *on or before* February 28, 2013." DE 118 at ECF Page 1151 (emphasis added). As the plaintiff demonstrates, the defendant filed its motion for a protective order on February 28, 2013. *Id*. at 1148-50. While the defendant's interrogatory response was partially incorrect (in that it had indeed sought a protective order *on* February 28, 2013, albeit not *before* that date), nothing in the record suggests that the response was anything other than an honest mistake – a mistake identical to the one I made the first two times that I read through the plaintiff's submission in an effort to divine

how the defendant's response might be deemed fraudulent. Simply put, nothing in the record suggests anything more than that the defendants' counsel, in answering the interrogatory, overlooked the words "on or" and simply misinterpreted the question to ask if the defendants had sought a protective order prior to making the motion that the plaintiff now cites as evidence of fraud.

Moreover, even if the defendant intentionally falsified its response to the interrogatory for reasons the plaintiff does not propose and that I cannot fathom, that falsity manifestly had no prejudicial effect. The date on which the defendants first sought a protective order during the discovery phase of this case is plainly ancillary to the plaintiff's substantive claims. In any event the docket of this case explicitly revealed to anyone who wished to inquire that the defendant did in fact file its motion for a protective order on February 28, 2013, DE 28, and had not sought a protective order in this case before that date. *See* DE 1 through DE 27. In the absence of any indication of either fraud or prejudice, it would be an abuse of discretion to impose any sanction at all, much less the drastic sanction of summary judgment in the plaintiff's favor. I therefore deny the motions in their entirety.[1] I respectfully direct the plaintiff's counsel to serve a copy of this document on the plaintiff by certified mail, and to file proof of service no later than August 16, 2013.

SO ORDERED.

Dated: Brooklyn, New York
August 14, 2013

                                                  /s/
                                      JAMES ORENSTEIN
                                      U.S. Magistrate Judge

---

[1] To the extent the motions also seek further discovery relief, I deny them for the reasons set forth in my order as to requests for discovery relief dated July 25, 2013. DE 102 at 1-2.