UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
EARL GOODWINE,                                        ORDER
                                  Plaintiff,
            - against -
NATIONAL RAILROAD PASSENGER
CORPORATION, et al.,                                 12-CV-3882 (TLM) (JO)
                                  Defendants.
---------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

      Plaintiff Earl Goodwine, appearing *pro se*, has filed a series of submissions requesting various forms of relief. *See* Docket Entry ("DE") 127 through DE 133. I resolved some similar requests for relief on the record at the conference before me on August 1, 2013, *see* DE 136 (transcript of proceedings) ("Tr."), but in the interest of a clear and complete record, I address each request anew as set forth below.

      1.    The plaintiff's motion for a signed response to his request for admissions from defendant Williams, DE 127, is denied. Unlike interrogatories, the answers to which must be signed under oath, *see* Fed. R. Civ. P. 33(b)(3), (5), the rule governing requests for admissions does not require the responding party to sign its answers. *See* Fed. R. Civ. P. 36(a)(4); *see also* Tr. at 42-43.

      2.    I have already entered on the docket a protective order to which the parties have agreed. *See* DE 116. I therefore deny the plaintiff's request to sign a second order in a form to which the parties have not agreed. DE 128.

      3.    The plaintiff's request for a "picture of the inside and when they place this lock on the door," DE 129, is denied. The defendant has no obligation to create such a picture, and has already satisfied its disclosure obligations with respect to records in its possession.

4.     The plaintiff seeks discovery as to whether "the defendant [sic] had received any additional training on restraint and control tactics after they graduated from the police academy of annually [sic]" as well as related policy. DE 133. I deny the request not only because discovery has closed and I am satisfied that the defendants have discharged their discovery obligations, but also because I am not satisfied that the request is reasonably calculated to lead to the discovery of any admissible evidence relevant to the plaintiff's claims or the defendants' defenses. *See* Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

4.     I have previously denied the plaintiff's request for an order to compel Amtrak to respond to his supplemental request for admissions. *See* Tr. at 7-8. I therefore deny the plaintiff's renewed request, DE 130, as well as his request for sanctions based on the Amtrak's failure to provide such responses. DE 132.

5.     The plaintiff requests summary judgment in his favor as a sanction for the defendants' alleged spoliation of evidence. DE 131. As with his previous similar request, the motion raises a discovery issue which I therefore address pursuant to Local Civil Rule 72.2. *See* DE 119 at 1. I deny the motion because the plaintiff has not demonstrated any spoliation.

I respectfully direct the defendants' counsel to serve a copy of this order on the plaintiff by certified mail, and to file proof of service no later than August 23, 2013.

SO ORDERED.

Dated: Brooklyn, New York
       August 21, 2013

                                          _____/s/_____
                                          JAMES ORENSTEIN
                                          U.S. Magistrate Judge

2