UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
EARL GOODWINE,                                                   MEMORANDUM
                    Plaintiff,                            AND ORDER

       - against -                                           12-CV-3882 (TLM) (JO)

NATIONAL RAILROAD
PASSENGER CORPORATION, et al.,
                    Defendants.
---------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

      In a letter-motion filed on January 6, 2014, plaintiff Earl Goodwine "Goodwine") seeks my

recusal. Docket Entry ("DE") 218. In his motion papers, consisting of a narrative and some

supporting exhibits, Goodwine does not suggest that I have demonstrated any actual bias, but

instead points to several instances in which he contends I have erred as a matter of fact or law.

However, in a separate document filed on the same date and styled as an objection to an

unspecified report and recommendation I have previously made, Goodwine suggests that I have

been laboring under a conflict of interest because I was appointed by the same United States

President who also appointed the Chief Executive Officer of defendant National Railroad

Passenger Corporation ("Amtrak"). *See* DE 219 at 1. For the reasons explained below, I deny the

motion.

      As a threshold matter, I am ruling on Goodwine's motion, even though it inherently calls

into question my impartiality, because the statute governing disqualification explicitly refers to a

judge's obligation to "disqualify himself[.]" 28 U.S.C. § 455(a). Consistent with that language,

courts uniformly recognize that a motion to disqualify a judge must be directed in the first instance

to the judge whose removal is sought, rather than to any other. *See*, *e.g.*, *In re Certain Underwriter*,

294 F.3d 297, 302 (2d Cir. 2002) ("The discretion to consider disqualification rests with the district

judge in the first instance.") (citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)); *LoCascio v. United States*, 473 F.3d 493, 498 (2d Cir. 2007) ("a judge has an affirmative duty to inquire into the legal sufficiency of ... an affidavit" asserting a basis for his disqualification") (internal citations omitted); *Alfano v. National Geographic Channel*, 2007 WL 2982762, at *7 n.10 (E.D.N.Y. Oct. 5, 2007).

The standard for assessing a motion to recuse is settled, although it can be stated in a variety of essentially equivalent ways. The fundamental question presented by such a motion is whether "a reasonable person knowing and understanding all the relevant facts" would doubt my ability to be fair in this case. *LoCascio*, 473 F.3d at 496 (quoting *United States v. Bayless*, 201 F.3d 116, 126-27 (2d Cir. 2000)); *see also United States v. Oluwafemi*, 883 F. Supp. 885, 890 (E.D.N.Y. 1995) (standard is "whether an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal") (citing *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 428-29 (2d Cir. 1988)). Stated differently, the facts set forth in the papers supporting the motion "'must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *LoCascio*, 473 F.3d at 498 (quoting *Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968)) (internal quotation marks omitted). Where that standard is not met, there is no basis for recusal and the judge is therefore "obligated not to recuse herself." *Oluwafemi*, 883 F. Supp. at 890 (citing *Drexel Burnham Lambert*, 861 F.2d at 1312; *Wolfson*, 396 F.2d at 124); *see also United States v. Amico*, 486 F.3d 764, 775 n.4 (2d Cir. 2007) ("a judge should not disqualify himself in the absence of a violation of § 455") (citing *In re Aguinda*, 241 F.3d 194, 201 (2d Cir.2001)).

To the extent Goodwine's motion is predicated on his belief that I have erred, perhaps even egregiously, in any number of pretrial rulings in this case, I must deny the motion. The only appropriate avenue for relief from any errors I have made is for Goodwine to ask the district judge to reverse, reject, or modify, as appropriate, any erroneous decision or recommendation I have made. *See* Fed. R. Civ. P. 72. Neither my errors (if any) nor the fact that Goodwine has challenged them is a basis for recusal. *See*, *e.g.*, *Omega Engineering, Inc. v. Omega S.A.*, 432 F.3d 437, 447-48 (2d Cir. 2005) ("Knowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1).") (citing *Katsaros v. Cody*, 744 F.2d 270, 283 (2d Cir. 1984)); *United States v. Kasman*, 1993 WL 278440, *3 (E.D.N.Y. July 20, 1993) (referring to, and citing "just a few" of, "the countless cases which reiterate the principle that a motion to recuse under § 455(a) may be made only on the basis of alleged bias or prejudice from an extrajudicial source").

To the extent Goodwine believes me to be actually or apparently biased because the President appointed both me and Amtrak's chief executive, his concern is baseless. I was appointed by the Board of Judges of the United States District Court for the Eastern District of New York, pursuant to the federal statute governing such appointments. *See* 28 U.S.C. § 631(a), Administrative Order 2012-10 (E.D.N.Y. Nov. 9. 2012) (appointment order) (available at https://www.nyed.uscourts.gov/sites/default/files/general-ordes/adminorder2012-10.pdf). Amtrak's chief executive was apparently appointed by that company's board of directors. *See* http://www.amtrak.com/servlet/ContentServer?c=Page&pagename=am%2FLayout&cid=125162 3383973. There is thus no reason for an objective, disinterested observer to believe that, as a result of the process by which I was appointed, I am biased against any party in this case.

3

Accordingly, for the reasons set forth above, in the absence of any valid reason for me to disqualify myself, I deny plaintiff Earl Goodwine's motion for my recusal.


        SO ORDERED.

Dated: Brooklyn, New York
       January 6, 2014

                                        _____/s/_____
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge

4