ARSENEAULT & FASSETT, LLP
560 Main Street
Chatham, NJ 07928
973-635-3366
*Attorneys for Defendants*
John J. Roberts, Esq. (JR3861)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL GOODWINE,<br><br>                              Plaintiff,<br><br>                    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION–AMTRAK; JOHN WILLIAMS; MARK HOYER; and AUGUSTUS RIVERA,<br><br>                              Defendants. | Hon. Tucker L. Melançon, Sr.U.S.D.J.<br>Hon. James Orenstein, U.S.M.J.<br><br>Docket No.: 12-cv-3882<br><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*** |

Defendants respectfully submit the following in opposition to Plaintiff's Motions *in Limine* (Docs. # 230, 231). For the reasons stated below, the motions should be denied in their entirety.

## LEGAL ARGUMENT

## POINT I

## AMTRAK POLICE SERGEANT LOUIS RINALDI'S INVESTIGATION FILE IS ADMISSIBLE.

Plaintiff seeks to preclude the documents (Doc. #41 @ 12, 15, 16, 17) which were created or received by Amtrak Police Sergeant Louis Rinaldi in the course of taking and investigating the administrative complaint which Plaintiff submitted to the corporate

Defendant. (Doc. #230 @ 1, #231 @ 7-8, 10-11).  The documents include the form filled out by Rinaldi in taking Plaintiff's complaint, internal emails, and Rinaldi's formal report.  Rinaldi's communications describe his observations of Plaintiff's condition during his detention, as well as information Rinaldi gathered in the course of his investigation; conclude that Plaintiff's complaint was unfounded; and recommend that the corporate Defendant deny the claim. Plaintiff now seeks to preclude the report and notes prepared by Rinaldi because Rinaldi is deceased and cannot testify at trial.

Generally statements made by deceased persons are considered inadmissible hearsay, Fed. R. Evid. 801, 802.  However, an exception exists for records of a regularly conducted business activity. Fed. R. Evid. 803(6).  The documents created by Rinaldi qualify for this exception.  The documents were made within six weeks of Plaintiff's arrest and some two and a half years before Plaintiff filed this litigation.  They were made and kept in the course of a regular business activity--namely, the investigation of complaints made by the public against Amtrak Police Officers.  The foregoing facts have been certified by an Amtrak official. (Paszik Cert.).  There is nothing to indicate the lack of trustworthiness of the documents.  Therefore, we respectfully submit that the documents are admissible as regular business documents.

<u>**POINT II**</u>

<u>**PLAINTIFF'S DEPOSITION IS ADMISSIBLE IN ACCORDANCE WITH THE FEDERAL RULES OF PROCEDURE.**</u>

Plaintiff seeks to preclude the use of his depositions because he was "threaten[ed] and forced to answer[] question[s]," and because one line of questioning involved his prior employment. (Doc. #230 @ 1).  In fact, after defying one Order which compelled his appearance at deposition (for which he was sanctioned (Doc. # 52 ¶ 2)), Plaintiff appeared for deposition pursuant to a second Order (Doc. # 52 ¶ 3).  At that deposition, held at the Federal

2

courthouse in the conference room adjacent to the courtroom, Plaintiff refused to answer questions, which necessitated the Hon. Viktor V. Pohorelsky, U.S.M.J., to attend a portion of the deposition and to order Plaintiff to provide responsive answers. (Doc. #56, #146-11 @ 5-7). While the Magistrate Judge was present, Plaintiff answered two questions about his most recent employment: the nature of his job responsibilities (building trucks for the military) and his pay rate (fifteen dollars ($15) per hour). (Doc. #146-11 @ 6-7).  Plaintiff also was ordered to appear for the second portion of his deposition (Doc. # 89 @ 14).  He was permitted to appear by telephone for that portion of his deposition.

Based on the foregoing facts, Plaintiff was not under duress so as to render his deposition inadmissible.  Further, regarding the specific line of questioning which Plaintiff objects to, the nature and pay rate of Plaintiff's most recent employment, the facts likely to be used at trial obviously have no national security implications.  We respectfully submit that the foregoing does not warrant precluding the use of the deposition at trial in accordance with Fed. R. Civ. P. 32.

## POINT III

### USE OF PLAINTIFF'S CRIMINAL RECORD SHOULD BE GOVERNED BY THE FEDERAL RULES OF EVIDENCE.

Plaintiff seeks to preclude evidence of his criminal conviction. (Doc. #230 @ 1-2).  The admissibility of evidence of a criminal conviction is generally governed by Fed. R. Evid. 609.  Plaintiff's criminal record consists of a misdemeanor conviction for possession of stolen property, which occurred more than ten years ago.  Defendants do not dispute that Plaintiff's criminal record is generally inadmissible, but reserve the right to reopen the issue at trial if Plaintiff opens the door to its admission through his testimony.

3

## POINT IV

### ANY EVIDENCE WHICH DEFENDANTS SEEK TO ADMIT AT TRIAL SHALL BE IN COMPLIANCE WITH THE RULES.

Plaintiff seeks to preclude use of his "pass [sic] to prejudice the jury." (Doc. # 231 @ 1), and more generally, to "preclude all info on me as it is one sided." (Doc. # 230 @ 2). Plaintiff's motion is vague and without basis in fact or law.  Defendants have provided Plaintiff with exhaustive responses to his discovery demands, which included requests for admissions, interrogatories, and document demands (and, most relevantly, summaries of the individual Defendants' exemplary discipline records).  All evidence which Defendants may offer at trial shall be subject to and in compliance with all applicable rules of evidence and procedure.

## POINT V

### PLAINTIFF'S STATEMENTS TO HEALTHCARE PERSONNEL WHILE SEEKING DIAGNOSIS AND TREATMENT ARE ADMISSIBLE.

Plaintiff seeks to "preclude certain word [*sic*] from medical [*sic*] as I was in shock, stress and duress." (Doc. #230 @ 2).  Because Plaintiff's motion is vague, Defendants can only presume that Plaintiff refers to statements which he made to healthcare providers while he sought diagnosis and/or treatment, which statements are recorded in his medical records (e.g., Docs. #146-20 through -24).  Plaintiff's statements were (a) made for, and were reasonably pertinent to, medical diagnosis and treatment, and (b) describe Plaintiff's medical history, past or present symptoms or sensations, their inception, or their general cause.  Such statements by Plaintiff thereby qualify for the exception under Fed. R. Evid. 803(4) and thus are admissible.

## POINT VI

## USE OF PLAINTIFF'S STATEMENTS DOES NOT VIOLATE HIS FIFTH AMENDMENT RIGHTS OR *MIRANDA*.

Plaintiff seeks to "preclude any statement without Miranda warnings." (Doc. #231 @ 1). Because Plaintiff's motion is vague, we can only presume Plaintiff refers to any statements he may have made after he was arrested and during the events that give rise to this litigation. Although Plaintiff made statements that undermine his civil causes of action, Defendants know of no statements that incriminate him criminally. Because this litigation is not a criminal proceeding, Plaintiff's Fifth Amendment protection against self-incrimination, and thus *Miranda*, are not implicated. Therefore, none of Plaintiff's statements made while he was being arrested and held in custody should be precluded on Fifth Amendment grounds.

## POINT VII

## PLAINTIFF'S DISCOVERY MOTIONS HAVE BEEN RAISED AND RESOLVED AND SHOULD NOT BE RECONSIDERED.

Plaintiff's motions related to discovery (Doc. # 231 @ 2, 4-7, 9, 11, 12-13) have been raised and resolved by the Court on innumerable occasions. (*See, e.g.,* Docs. # 86, 89, 102 ¶2, 106, 107, 147, 210 ¶4). Plaintiff specifically seeks "Amtrak policy to support my spoliation claims." (Doc. #231 @ 2, 11). Defendants have complied with all of their discovery obligations. There is no basis for reopening discovery. Plaintiff's lack of evidence supports dismissal of his claims, not further discovery.

## POINT VIII

### PLAINTIFF'S OTHER MOTIONS HAVE BEEN RAISED AND RESOLVED AND/OR ABANDONED.

Plaintiff claims that he has filed motions which have not been resolved, some of which he claims date from 2012 (Doc. # 231 @ 2 ("I file [*sic*] a motion in 2012 pertaining [*sic*] this issue"); @ 3 ("pretains [*sic*] to my 2012 motion"); @ 9 ("pertaining [*sic*] my 2012 motions")). Plaintiff has been given numerous opportunities to inform the court of any outstanding motions and has been warned that failure to do so would result in any uncited motions being deemed abandoned.  (See, e.g., Doc. #

## POINT IX

### THERE IS NO BASIS TO DISQUALIFY DEFENSE COUNSEL.

Plaintiff seeks "for the defendant to provide . . . a change of lawyer." (Doc. # 231 @ 10).  We read this as a motion to disqualify counsel.  Plaintiff has set forth no coherent rationale to support his request, because none exist.  There is no basis no disqualify defense counsel.

## POINT X

### PLAINTIFF IS NOT DISABLED AND DOES NOT REQUIRE SPECIAL ACCOMMODATIONS.

Plaintiff seeks special accommodations at trial, because he claims to be disabled. (Doc. #231 @ 11).  He specifically invokes the Americans with Disabilities Act (ADA).  The ADA applies only to employment and is inapposite to Plaintiff's request.  More on point, Plaintiff is not disabled, as his medical records make abundantly clear. (See, e.g., Docs. # 146-20 through -24).  Furthermore, Plaintiff has not evidenced any disability in his many prior court

appearances.  Making special accommodations which are not warranted by Plaintiff's actual condition would unduly prejudice the jury.

## <u>CONCLUSION</u>

For the foregoing reasons, we respectfully submit that Plaintiff's motions *in limine* should be denied in their entirety.

Respectfully submitted,
ARSENEAULT, & FASSETT, LLP
By: _____/s/ John J. Roberts_____
      John J. Roberts, Esq. (JR3861)

Dated:  January 31, 2014

7