UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
Earl Goodwine,

                            Plaintiff,          **<u>ORDER</u>**

          -against-                          Case No. 12-cv-3882 (TLM)

National RailRoad Passenger Corp., et al.,

                                 Defendants
------------------------------------------------------------- X

      Before the Court are defendants' Motions in Limine [Rec. Doc. 226] and plaintiff's

Opposition thereto [Rec. Doc. 244], and plaintiff's Motions in Limine [Rec. Docs. 230 and 231]

and defendants' Opposition thereto [Rec. Doc. 240]. Defendants request that the Court (1) direct

plaintiff to confine his statements at trial to issues and evidence properly before the jury; (2)

prohibit plaintiff from referring to evidence not produced during discovery, including the alleged

video of the incident; and (3) prohibit plaintiff from admitting or alluding to materials he did not

produce during discovery or which are unsupported by the record. Plaintiff requests that the

Court (1) exclude all statements by deceased Sergeant Rinaldi; (2) preclude defendants from

using plaintiff's deposition testimony during trial; (3) withhold his "lawsuit amount . . . from the

jury"; (4) exclude any mention of plaintiff's prior conviction; (5) exclude all information about

plaintiff by defendants; (6) exclude any statement plaintiff made without being given a *Miranda*

warning; (7) provide physical accommodations for plaintiff; (8) grant plaintiff additional

discovery requests and revisit prior rulings; and (9) grant unspecified relief. For the reasons that

follow, defendants' Motions in Limine are GRANTED in part and DENIED in part and

plaintiff's Motions in Limine are GRANTED in part and DENIED in part.

## I. BACKGROUND

      Plaintiff brings this claim under 42 U.S.C. § 1983. Pursuant to the Court's March 10,

2014 Order [Rec. Doc. 255], adopting United States Magistrate Judge James Orenstein's

February 5, 2014 Report and Recommendation [Rec. Doc. 245], plaintiff's only remaining claims are against defendants John Williams, Mark Hoyer, and Augustus Rivera under 42 U.S.C. § 1983 for false arrest and excessive force. Pursuant to the Court's Jury Trial Procedure Order [Rec. Doc. 153], jury selection and trial on the merits on liability will commence on July 28, 2014. In the event of a jury verdict in plaintiff's favor on liability, the damages trial will commence on Monday, September 8, 2014 [Rec. Doc. 153], at which time plaintiff may seek compensatory damages for his alleged physical and emotional injuries. [Rec. Doc. 250 at 2].

## II. LEGAL STANDARD

Motions in limine allow the trial court to rule in advance of trial on the admissibility and relevance of anticipated evidence. *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)). The admissibility of evidence at trial is governed by the Federal Rules of Evidence. When ruling on a motion in limine, a court should only exclude evidence that is inadmissible on all potential grounds. *Id.* (citing *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001)). If the potential relevance of evidence is uncertain prior to trial, the court may choose to reserve judgment. *See Bonilla v. Janovick*, No. 01-CV-3988 (SJF)(ETB), 2007 WL 3047087, at *2 (E.D.N.Y., Oct. 16, 2007). Any "ruling regarding a motion in limine is 'subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected].'" *Jean-Laurent*, 840 F. Supp. 2d at 536 (citing *Luce*, 469 U.S. at 41) (alterations in original).

## III. DISCUSSION

### A. Defendants' Motions in Limine [Rec. Doc. 226].

Defendants request that the Court (1) direct plaintiff to confine his statements at trial to issues and evidence properly before the jury; (2) prohibit plaintiff from referring to evidence not

produced during discovery, including the alleged video of the incident; and (3) prohibit plaintiff from admitting or alluding to materials he did not produce during discovery or which are unsupported by the record.

### 1. Relevant Issues and Evidence

Defendants ask the Court to order plaintiff to confine his statements at trial to issues and evidence properly before the jury and specifically request that plaintiff be precluded from introducing evidence or arguments related to "(1) any potential business relationships between the corporate Defendant and New Jersey Transit Corp. and Plaintiff's former employers North Shore Long Island Jewish Hospital and Lowe's Home Improvement; (2) the death of Sergeant Louis Rinaldi; and (3) the discovery process itself within this litigation," which, based on plaintiff's discovery requests and previously filed motions, defendants anticipate plaintiff may attempt to raise during trial. [Rec. Doc. 226 at 5-6].

Fed. R. Evid. 401 provides that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." *Id.* Relevant evidence is generally admissible unless an exception under the Federal Rules of Evidence applies or "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court finds that the relevance, if any, of (1) any potential business relationship between Amtrak, National RailRoad Passenger Corp.,[1] New Jersey Transit Corp., and plaintiff's former employers North Shore Long Island Jewish Hospital and Lowe's Home Improvement; (2) the circumstances of Sergeant Louis Rinaldi's death; or (3) the discovery process in the case are substantially outweighed by the

---

[1] The Court notes that all claims against the named corporate defendants have been dismissed.

dangers of confusing the issues, misleading the jury, undue delay, and wasting time. It is therefore

**ORDERED** that defendants' motion in those respects is GRANTED. Plaintiff may not mention, introduce evidence regarding, or make any reference to (1) any potential business relationship between Amtrak, National RailRoad Passenger Corp., New Jersey Transit Corp., and plaintiff's former employers North Shore Long Island Jewish Hospital and Lowe's Home Improvement; (2) the circumstances of Sergeant Louis Rinaldi's death; or (3) the discovery process in the case. Furthermore, the Court cautions both parties that it will exclude any other evidence, pursuant to Fed. R. Evid. 403, if its probative value with respect to the remaining claims of excessive force and false arrest is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

### 2. Evidence not Produced During Discovery

Defendants request that plaintiff be precluded from introducing or alluding to evidence not produced by either party during discovery, specifically the alleged video recording of the incident in question. [Rec. Doc. 226 at 3]. The alleged video has been the subject of multiple motions and orders throughout the history of the case. [*See, e.g.*, Rec. Docs. 44, 46, 82, and 245]. Most recently, Judge Orenstein recommended and the undersigned affirmed a grant of summary judgment in defendants' favor as to plaintiff's claim that defendants violated his constitutional rights through the spoliation of video evidence. [Rec. Doc. 245 at 18-19; Rec. Doc. 255]. Plaintiff may not re-urge this claim, nor may he present any evidence, mention, or make reference to the jury in support of the assertion that such a video exists or was destroyed by defendants.

To the extent defendants' motion is intended to encompass other potential evidence, the Court will follow its Jury Trial Procedure Order. [Rec. Doc. 153]. Pursuant to that Order, no later than sixty (60) days prior to the commencement of trial, or by no later than May 29, 2014, the parties must exchange all exhibits and demonstrative aids that they intend to bring into the courtroom or introduce at trial and no later than thirty (30) days prior to the commencement of trial, or by no later than June 30, 2014, each party must deliver a set of bench books to the Court containing any documents that the party will seek to introduce into evidence at trial along with a copy of the table of contents upon which the opposing party has stated any objections to the documents contained therein. [Rec. Doc. 153 at 5-6]. Any exhibit that is not contained in a party's bench book "will be deemed not to have been exchanged and will not be admitted into evidence at trial." [*Id.* at 6]. Plaintiff is not to re-urge or re-argue evidence that is not related to his remaining claims of false arrest and excessive force. The Court will address specific objections to proposed exhibits when it receives the parties' bench books. It is therefore

**ORDERED** that defendants' motion is GRANTED insofar as it seeks to preclude plaintiff from referring to the alleged video recording during trial or re-urging or re-arguing evidence that is not related to his remaining claims of false arrest and excessive force. In all other respects, defendants' motion is DENIED for failure to state the specific relief requested.

### 3. Arguments that are Unsupported by the Record

Defendants assert that plaintiff should be precluded from introducing evidence regarding the personal injuries he allegedly suffered during the incident in question because the "medical records are devoid of any consistent medical complaint, let alone any injury which is attributable to Defendants' conduct during [plaintiff's] arrest." [Rec. Doc. 226 at 5]. While potential issues identified by defendants may be proper areas for argument at trial, the Court will not exclude

evidence of plaintiff's alleged physical injuries simply because defendants believe it to be inconsistent with the medical records. No evidence related to the quantum of damages will be allowed in the liability trial. It is therefore

**ORDERED** that defendants' motion to prevent plaintiff from introducing evidence regarding his personal injuries is DENIED. To the extent defendants seek to preclude plaintiff from introducing other, unenumerated, evidence, the motion is DENIED for failure to state the specific relief requested.

## B. Plaintiff's Motions in Limine [Rec. Docs. 230 and 231]

Plaintiff requests that the Court (1) exclude all statements by deceased Sergeant Rinaldi; (2) preclude defendants from using plaintiff's deposition during trial; (3) withhold his "lawsuit amount . . . from the jury"; (4) exclude any mention of plaintiff's prior conviction; (5) exclude all information about plaintiff by defendants; (6) exclude any statement plaintiff made without being given a *Miranda* warning; (7) provide physical accommodations for plaintiff; (8) grant plaintiff additional discovery requests and revisit prior rulings; and (9) grant unspecified relief.

### 1. Statements by Deceased Sergeant Rinaldi

Plaintiff requests that the Court exclude all statements by deceased Sergeant Louis Rinaldi, who was present at the time of the alleged incident, as inadmissible hearsay. [Rec. Doc. 230 at 1; Rec. Doc. 231 at 7-8, 10-11]. Defendants argue that police reports prepared by Sergeant Rinaldi fall under the Fed. R. Evid. 803(6) hearsay exception for records kept in the regular course of business. [Rec. Doc. 240]. The Court finds that documents containing statements by Sergeant Rinaldi may be admissible under this or other hearsay exceptions, which will be determined during the course of trial based on defendants establishing the bases (laying a foundation for the application) of an exception or exceptions to the hearsay rule. It is therefore

**ORDERED** that plaintiff's motion to exclude all statements by Sergeant Rinaldi is DENIED.

### 2. Plaintiff's Deposition

Plaintiff argues that defendants should be precluded from using his deposition at trial because he was under duress and believes that certain questions pertaining to his job were unconstitutional. [Rec. Doc. 230 at 1]. Upon review of the record, plaintiff has been given a full and fair opportunity to be heard regarding his objections to the deposition and the Court will not allow plaintiff to rehash those objections at this time.[2] [*See, e.g.*, Rec. Docs. 42, 56, 85, and 126]. The Court finds no reason to prevent defendants from using plaintiff's deposition at trial in accordance with Fed. R. Civ. P. 32, which outlines the proper use of depositions for impeachment purposes during court proceedings. It is therefore

**ORDERED** that plaintiff's motion to preclude defendants from using his deposition during trial for impeachment purposes consistent with Fed. R. Civ. P. 32 is DENIED.

### 3. Damages Amount

Plaintiff requests that the amount of his damages request be withheld from the jury. [Rec. Doc. 230 at 1]. In accordance with the bifurcated trial proceedings that will be conducted in this matter, damages-specific evidence may not be presented and will not be allowed during the liability trial that commences on July 28, 2014, but rather may be presented to the jury during the trial on damages, if there is a plaintiff's verdict in the liability trial and thus the damages trial occurs. It is therefore

**ORDERED** that plaintiff's motion to withhold the amount of his damages request from the jury during the liability trial is GRANTED.

---

[2] Plaintiff has raised ongoing objections to his deposition, which have been considered repetitively and at length by United States Magistrate Judge Pohorelsky and United States Magistrate Judge James Orenstein.

### 4. Plaintiff's Prior Conviction

Plaintiff requests that defendants be precluded from introducing evidence of his prior misdemeanor conviction, which occurred more than ten years ago and is unrelated to the incident at issue in the case. [Rec. Doc. 230 at 1; Rec. Doc. 231 at 2-4]. Defendants agree that "Plaintiff's criminal record is generally inadmissible," but believe that plaintiff may "open[] the door to its admission through his testimony." [Rec. Doc. 240 at 3]. Pursuant to Fed. R. Evid. 609, evidence of a criminal conviction that is more than ten years old is only admissible if "its probative value . . . substantially outweighs its prejudicial effect." *Id.* Given the history and record of this case, the Court cannot imagine a scenario where the probative value of plaintiff's more than ten year old misdemeanor criminal conviction could be more than minimal and not outweighed by its prejudicial effect. It is therefore

**ORDERED** that plaintiff's motion to exclude evidence of his prior criminal conviction is GRANTED. Defendants may re-urge the motion at sidebar in the unlikely event that defendants' attorney has a good faith belief that such argument should be made based on what transpires at trial.

### 5. Information About Plaintiff

Plaintiff requests that the Court "preclude all info on me by defendant as it is one sided." [Rec. Doc. 230 at 2]. Evidence presented by either party during a trial is, by the very nature of the adversarial system, likely to be one-sided. The Court cannot and will not exclude evidence for the sole reason that it is beneficial or detrimental to the plaintiff or any other party if the evidence is otherwise admissible under the Federal Rules of Evidence. It is therefore

**ORDERED** that plaintiff's motion to preclude defendants from presenting information about him is DENIED.

**6. Statements Given Without *Miranda* Warnings**

Plaintiff requests that the Court exclude any statement he gave prior to receiving a *Miranda* warning. [Rec. Doc. 231 at 1]. "The Supreme Court has repeatedly held that *Miranda* warnings are not themselves required by the Constitution; rather, the warnings are prophylactic measures to insure that the Fifth Amendment is not violated. Thus, unless statements taken in the absence of *Miranda* warnings are used in some way to incriminate the speaker, his constitutional rights have not been violated. *Miller v. Garrett*, 695 F. Supp. 740, 745-46 (S.D.N.Y. 1988) (citing *Oregan v. Elstad*, 470 U.S. 298, 306 (1985); *New York v. Quarles*, 467 U.S. 649, 654 (1984); *Michigan v. Tucker*, 417 U.S. 433, 444 (1974)). As this is a civil matter, initiated by the plaintiff, there is no possibility that any statements plaintiff made to police after the arrest at issue,[3] even in the absence of a *Miranda* warning, could be used to incriminate him in this proceeding. It is therefore

**ORDERED** that plaintiff's motion to exclude any statement he gave prior to receiving a *Miranda* warning is DENIED.

**7. Physical Accommodations**

Plaintiff requests that the Court make various physical accommodations for him. [Rec. Doc. 231 at 11]. The Court will address any necessary physical accommodations for trial with plaintiff and defendants' attorney at the in-person, on the record conference to be conducted on March 19, 2014 at 2:30 p.m. EST. It is therefore

**ORDERED** that plaintiff's motion for physical accommodations is DENIED without prejudice.

---

[3] Although plaintiff does not specify when or where such statements were given, based on the Court's knowledge of the record of the case, the Court believes plaintiff is referring to statements he may have made after he was arrested during the incident in question. To the extent plaintiff refers to statements made while he was neither in custody nor "deprived of his freedom of action in any significant way," a *Miranda* warning analysis is inapplicable. *Oregon v. Mathiason*, 429 U.S. 492, 500 (1977).

**8. Discovery Requests and Prior Rulings**

Plaintiff's Motions in Limine [Rec. Doc. 231] and Opposition to defendants' Motions in Limine [Rec. Doc. 244] include several requests for additional discovery and for the Court to revisit prior rulings on motions, including requests for the Court to remove defendants' attorney, order discovery of the alleged video of the incident, and address plaintiff's second amended complaint. [*See e.g.*, Rec. Doc. 231 at 2, 4-7, 9-13; Rec. Doc. 244 at 2]. The Court finds it unnecessary to provide a complete list of all discovery requests and motions that plaintiff re-urges. Based on the Court's knowledge of the history of the case and a full review of the record including the docket sheet, discovery is closed and plaintiff's past motions have been timely addressed throughout the proceeding. Due to excessive filings, plaintiff has previously been ordered not to file additional motions or requests for relief without Court permission or in accordance with a previous order of the Court. [Rec. Docs. 186, 223, and 236]. Plaintiff has not presented any legally sufficient reason to revisit prior rulings made in this proceeding. It is therefore

**ORDERED** that all of plaintiff's requests for additional discovery or for the Court to revisit prior rulings in this matter are DENIED.

**9. Unspecified Relief**

In addition to the requests set out above, plaintiff includes a number of miscellaneous requests or statements. For example, plaintiff requests that the Court "preclude mercy for these officers," [Rec. Doc. 230 at 1], exclude all illegally-obtained or inadmissible evidence[4] [Rec. Doc. 230 at 2; Rec. Doc. 231 at 1], and exclude certain words from his medical reports[5] [Rec. Doc. 230 at 2]. He also includes what appears to be a list of claims he would like to bring against

---

[4] Plaintiff does not further describe the purportedly illegally-obtained or inadmissible evidence.
[5] Plaintiff does not state the specific words or sections that he believes should be excluded from the medical reports.

defendants [Rec. Doc. 231 at 13-14] and cites generally to several rules of evidence [*See e.g.*, Rec. Doc. 231 at 7-8]. The Court is unable to identify the specific relief that plaintiff seeks as a result of such requests and statements or why such relief is warranted under the law. It is therefore

**ORDERED** that any request for relief made by plaintiff and not specifically ruled on in III(B)(1)-(8), pages 2-11, herein above, is DENIED for failure to state the specific relief requested.

## IV. CONCLUSION

For the foregoing reasons, defendants' Motions in Limine [Rec. Doc. 226] are GRANTED in part and DENIED in part and plaintiff's Motions in Limine [Rec. Docs. 230 and 231] are GRANTED in part and DENIED in part. Defendants' motions (1) to preclude plaintiff from introducing evidence regarding (a) any potential business relationships between any current or former defendant and New Jersey Transit Corp. and Plaintiff's former employers North Shore Long Island Jewish Hospital and Lowe's Home Improvement; (b) the circumstances of Sergeant Louis Rinaldi's death; or (c) the discovery process in the case and (2) to preclude plaintiff from referring to the alleged video recording during trial are GRANTED. Plaintiff's motions (1) to withhold the amount of his damages request from the jury during the liability trial and (2) to exclude evidence of his prior criminal conviction are GRANTED. All other motions by the parties are DENIED.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

March 17, 2014
Brooklyn, NY